## DUDLEY *et al.* v. MEGGS.

No. 5095. Opinion Filed December 14, 1915.

(153 Pac. 1121.)

1. **EASEMENTS—Way of Necessity—Ownership of Land.** A way of necessity is based upon the presumption of a grant, and will never exist if the two tracts of land are not shown at some time in the past to have belonged to one and the same person.

2. **INDIANS—Appropriation of Land—Allotments.** The Act of Congress of April 26, 1906, c. 1876, 34 Stat. 145, sec. 24, which provides that in the Choctaw, Chickasaw, and Seminole Nations roads two rods in width are established on all section lines, is prospective only in its operation, and does not authorize the authorities to take for road purposes, without compensation,

lands of Indians which had been allotted prior to the passage of said act.

3.   **SAME—Opening of Section Line—Acquisition of Right of Way.**
An order made by county commissioners opening up a section line, which is rightfully closed, is ineffective unless the commissioners have first complied with section 7552, Rev. Laws 1910, by obtaining the right of way as therein provided.

4.   **APPEAL AND ERROR—Invited Error—Admission of Evidence.**
Error cannot be based upon the admission of testimony brought out by the complaining party.

(Syllabus by Mathews, C.)

*Error from District Court, Choctaw County;*
*A. H. Ferguson, Judge.*

Action by W. W. Meggs against H. Dudley and another.   Judgment for plaintiff, and defendants bring error.   Affirmed.

*Richardson & Warren,* for plaintiffs in error.

*McDonald & Jones,* for defendant in error.

Opinion by MATHEWS, C.   This was an action for injunction and damages instituted by defendant in error, hereinafter styled plaintiff, against plaintiffs in error, who will be hereinafter styled defendants.   In his petition plaintiff alleged in substance that for 15 years he had owned certain lands therein described, and that the defendants had cut the wire fence inclosing the same, thereby resulting in admitting stock upon his premises which destroyed his crops to his damage in the sum of $75, and that the wire destroyed was worth $75, for which he asked judgment and for an injunction prohibiting defendants from again cutting down said wire fence.   Defendants answered by general denial, and further alleged that defendant H. Sobol owned certain land, upon which defendant Dudley was a tenant, and that plaintiff had erected a fence around the same and across

the section line, thereby inclosing the said land and preventing ingress and egress to and from the same. The case was tried to a jury, which returned a judgment in favor of the plaintiff for $150, and defendants prosecute this appeal.

It appeared from the evidence given at the trial that the premises in controversy lay in the angle made by the intersection of Kiamichi and Red rivers; that the plaintiff's allotment and that of his minor child, for whom he was guardian, lay above the land owned by defendant Sobol, which was unalloted land and sold by the government to the said Sobol. The lands of plaintiff and his child lay partly in adjoining sections, and he erected a fence from one river to the other and across the section line, which section line was the only way the defendants had accessible as an outlet. The defendant Dudley admitted having cut down the wire fence across this section line, although he denied having cut the other part of the fence, which the evidence showed to have been cut upon several occasions in so many places that it was practically destroyed. There was evidence introduced by the plaintiff to the effect that defendant Sobol told Dudley to cut the wire fence down, which statement he admitted, but said he made it in a joking way. There was also evidence of admissions by Dudley that he cut the fence of plaintiff, but he denied doing the cutting except at the section line.

Defendants contend here for two propositions stated as follows:

(1) "Where the lands of one owner surround the lands of another who has no way of ingress or egress except over the lands surrounding him, then the owner who is surrounded by the lands of the other is entitled

to an easement and right of way over the lands of the other which surround him as a means of ingress and egress, which way is being used by him as a means of ingress and egress, to his premises and to the public highway; both of whom having acquired their title from the same source and the same tract of land, would be entitled to have his easement and right of way kept open for him."

(2) "Congress having provided that all section lines were public highways and our Legislature having made the same provision, as the defendants were using this public highway as an easement when the plaintiff erected his fence across it, the defendants had a right to remove the obstruction by cutting down the fence thus erected across the section line."

We do not believe the question of an easement is involved in this case. If it be involved, then it is what is legally known as a way of necessity, but a way of necessity is based entirely upon the presumption of a grant, and will never exist if the two tracts of land are not shown at some time in the past to have belonged to one person. Tiffany's Modern Law of Real Property, sec. 317. The evidence in this case shows that the two tracts of land in the controversy never belonged to the same person, except the government; but for an easement to exist, the two tracts of land must have at one time belonged to some one person other than the government.

2. The second proposition relates to plaintiff's right to maintain a fence across the section line. The plaintiff having been in possession of the land as owner in fee simple for more than 15 years prior to October, 1912, the time of the trial, the case of *Good et al. v. Keel et al.*, 29 Okla. 325, 116 Pac. 777, is decisive of the point here under consideration. In that case it was held that the

Act of Congress of April 26, 1906, c. 1876, 34 Stat. 145, sec. 24, which provides that in the Choctaw, Chickasaw, and Seminole Nations roads two rods in width are established on all section lines, is prospective only in its operation and does not authorize the authorities to take for road purposes, without compensation, lands of Indians which had been allotted prior to the passage of said act. *Edmondson et al. v. Francisco, Road Sup'r,* 41 Okla. 556, 139 Pac. 279.

While the county commissioners made an order opening up the section line between plaintiff's lands as a public highway prior to the time this controversy arose, yet the order was ineffective for the reason that they failed to comply with the statutory requirement of first obtaining the right of way either by amicable settlement or condemnation proceedings. Section 7552, Rev. Laws 1910.

Defendants complain of the admission of certain testimony of the witness Fry, who was asked by plaintiff's attorney, "He (Dudley) said Mr. Sobol told him to cut the fence?" which question he answered in the affirmative. It appears that defendants had immediately prior thereto brought out from this witness on cross-examination this testimony in almost the exact language used above, and the plaintiff's attorney simply repeated it to the witness. Error cannot be based upon the admission of testimony brought out by the complaining party.

The judgment should be affirmed.

By the Court: It is so ordered.