## THOMAS et al. v. MORGAN et al.

No. 15857—Opinion Filed June 9, 1925.

Rehearing Denied Nov. 3, 1925.

(Syllabus.)

1. **Pleading—Sufficiency of Petition Against General Demurrer.**

When a petition contains allegations of facts sufficient to entitle plaintiff to relief. either in law or in equity, it is good as against a general demurrer.

2. **Injunction—Protection of Property—Necessity for Title in Plaintiff.**

Complainant must have title to property or some interest therein before an injunction will be granted at his instance to protect it, and he must stand on the strength of his own right or title, rather than on the weakness of the right and title claimed by his opponent.

3. **Easements—Way of Necessity—When Exists—Implied Grant.**

(a) A way of necessity is based upon the presumption of a grant, and will never exist if the two tracts of land are not shown at some time in the past to have belonged to one and the same person.

(b) If one grants a piece of land in the midst of his own, he thereby impliedly grants a way to reach it.

4. **Same—Prescriptive Rights—Incapacity to Grant.**

Since a prescription presumes a grant, and cannot exist where there is no power to grant. it follows that a prescriptive right cannot be acquired against a person who is under legal disability and unable in law to resist the alleged adverse claim if it is not well founded. This rule has been applied in the case of infants, insane persons, married women, and reversioners.

5. **Same — Requisites of Right — Mere Permissive Use.**

A prescriptive right must be adverse and under claim of right exclusive and uninterrupted, with the knowledge and against the consent of the owner of the estate out of which the easement is claimed. A mere permissive use of the lands of another is not adverse and cannot give an easement by prescription no matter how long it may be continued.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by Gideon Morgan et al. against Georgia Thomas and J. S. Thomas. to enjoin the latter from interfering with the former in the use of a certain road extending from the public highway across defendants' lands to the lands of plaintiffs. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

W. E. Nicklin and Wm. Blake, for plaintiffs in error.

R. A. Wilkerson, for defendants in error.

RILEY, J. This action was commenced in the district court of Mayes county, Okla., by the defendants in error against the plaintiffs in error to enjoin the latter parties from interfering with the former in the use of a certain road which extended from the public highway on the south over lot 11 and the southwest quarter of the southeast quarter of section 4, township 21 north, range 20 east, Mayes county. For convenience, the parties will be hereafter mentioned as they appeared in the trial court.

A temporary restraining order was issued by the court on the 12th day of April, 1924. in which writ the defendants were restrained and enjoined from interfering with the roadway during the pendency of the suit or until further order of the court.

The plaintiffs are owners of lot 10 in the section of land heretofore described and their land is located adjacent and north of lot 11. The defendant Georgia Thomas is and has been since December, 1921, the owner of lot 11 and the southwest quarter of the southeast quarter of section 4, above mentioned, and is now in possession of said land.

Plaintiffs' land borders on Grand river, but no part of it touches a section line. In 1917 the owner of lot 11 converted his land into a place of recreation and the principal building thereon became known as Morgan's Inn. From Morgan's Inn the section line is reached by going south along a road, the subject of this controversy, which is improved and fenced on both sides, a distance of about one-fourth mile. This road has been open along approximately the same course for more than 25 years, and has been used continuously during that time. The Morgan Inn has been used as a residence for more than sixteen years, and during this time no objections were made to the use of said road until shortly before the filing of this action, when defendants served written notice upon plaintiffs that the road would be closed. The land crossed by the said road was originally allotted by the government to Lewis Sitsler, a Cherokee mixed-blood Indian, a minor. Plaintiffs paid the Indian allottee, in a private transaction, for a roadway across defendants' land and a promise of a conveyance of said right of way upon the minor's reaching his majority. The allottee, before reaching his majority, died, leaving the land to his parents. who

conveyed the same to E. T. Stroud and Tom Walkinshaw.

Under oral agreement with Stroud, then the owner of the land. plaintiffs moved the road a little west and fenced the same. Gideon Morgan, plaintiff, acted as agent for Messrs. Stroud and Walkinshaw and sold the land to defendants, advising defendants of his claim upon the road as it then existed, fenced and open to the general public. The defendants constructed their improvements in relation to this road.

The defendants filed an answer and cross-petition, setting out the title to the land owned by them, denying that said road was public; setting out the annoyance, damage, and disturbance caused defendants by the use of said roadway and prayed for relief enjoining plaintiffs from using said roadway.

The trial court, upon its own motion, so far as the record discloses, made a finding of facts from the evidence as offered, which is as follows:

"1. That plaintiffs are the owners of lot 11 in the southwest quarter of the southeast quarter of section 4, township 21, range 20, Mayes county, Okla., and are in possession of said premises and operate thereon an inn known as Morgan's Inn for the general public, and in said inn there is a United States post office known as Tip, Okla., that there is a roadway leading from the said inn to the section line which runs between section 4 and section 9 in said township and range; and that such roadway is the only means of access to said inn and the only means of ingress and egress from said inn to said section line and is the only road that could be built from said inn to communicate with the general public without very great expenditure of money; and it is the only practicable route on which such road could be built; that this road has been used by the general public over practically the same location at which it is now situated for the past twenty years, and such use has been made of said road with the consent and without objection on the part of the defendants and the persons who have owned said land for the past twenty years, and that no objection has been made to the use of same by any of the persons who have owned the land adjacent to and over which said road now exists and has existed. until a few months ago, and for the first time an objection to the use of same was made by defendants.

"2. The court finds that defendants are threatening to and will, unless they are restrained and enjoined from so doing close the said roadway and deny to plaintiffs and to the public the right to travel over and upon said roadway.

"The court concludes that, as a matter of law, the defendants are estopped by their conduct and acts and agreements with the plaintiffs from interfering with or obstructing or closing said roadway, and that they should be permanently enjoined from interfering with the same."

The court thereupon rendered judgment in favor of the plaintiffs and against the defendants, making permanent the injunction prohibiting defendants from interfering, in any way, with the use of the road heretofore described. Motion for new trial was filed and overruled, and from this final order this appeal comes.

Defendants contend that the trial court committed an error in refusing to sustain their demurrer to plaintiffs' petition, in that plaintiffs in their petition allege that defendants were in possession and owners of the land upon which the roadway in dispute was located, and that an equitable action of this nature cannot be maintained where defendants are in possession under color of title and plaintiffs' right to possession is in dispute. The rule urged is stated in 32 C. J.:

"Complainant must have title to property or some interest therein before an injunction will be granted at his instance to protect it, and he must stand on the strength of his own right or title, rather than on the weakness of the right and title claimed by his opponent."

We find no fault with this rule. The demurrer filed was a general one and was an attack upon the sufficiency of the entire petition. We find contained in the petition the allegation cited by defendants, but, as well. other allegations to the effect that plaintiffs have been, ever since the making of said road, in possession by reason of fences cutting the same off from the other land by defendants. The pleadings, as a whole, make it clear that plaintiffs claim an easement to the roadway by reason of continued use and control thereof and by agreements and an executed contract. In this ruling the trial court did not err. The rule is that when a petition contains allegations of facts sufficient to entitle plaintiff to relief. either at law or in equity, it is good as against a general demurrer. Security Nat. Bank v. Geck, 96 Okla. 89, 220 Pac. 373; Ross v. Breene, 88 Okla. 37, 211 Pac. 417.

For the same reason the second assignment of error, based upon objection to the introduction of evidence, fails.

It is next contended by defendants that the court erred in its judgment rendered, for the reason that the special findings of

facts are insufficient and do not sustain said judgment and the judgment is contrary to the facts found.

23 Cyc. 822 (See C. J.):

"Whenever the judgment is based upon a special verdict or findings they must be sufficiently comprehensive, certain and consistent to sustain the judgment and justify it as a matter of law."

The finding of facts by the court that the roadway in dispute is a way of necessity without a finding that the land owned by plaintiffs and that owned by defendants were at some time owned by the same person is insufficient, within itself, to sustain the judgment rendered.

"A way of necessity is based upon the presumption of a grant, and will never exist if the two tracts of land are not shown at some time in the past to have belonged to one and the same person." Dudley v. Meggs, 54 Okla. 65, 153 Pac. 1121.

In the instant case the evidence shows the two tracts of land never belonged to the same person, except the government, and an easement cannot operate against the government. Tiffany, Modern Law of Real Property, sec. 317:

"The way of necessity arises in connection with a conveyance of land by one who retains the adjoining land."

"If one grants a piece of land in the midst of his own, he thereby impliedly grants a way to reach it." Banks v. School Directors (Ill.) 62 N. E. 604, 3 Kent, Comm. 420.

"Every right of way of necessity being founded on a presumed grant, none can be presumed over a stranger's land, and hence none can be thus acquired." Whitehouse v. Cummings (Me.) 23 Am. St. Rep. 758; Powers v. Hefferman (Ill.) 84 N. E. 661; Healy Lbr. Co. v. Morris et ux. (Wash.) 74 Pac. 681.

19 C. J. p. 921, sec. 114:

"Ways of necessity cannot be founded upon an express grant, * * * and cannot exist where there was never any unity of ownership of the alleged dominant and servient estate, for no one can have a way of necessity over the lands of a stranger. Necessity alone without reference to any relations between the respective owners of the land is not sufficient to create this right."

In Haas v. Brannon, 99 Okla. 94, 225 Pac. 931, reaffirming Dudley v. Meggs, 54 Okla. 65, 153 Pac. 1121, it is said:

"No implication of a grant of a right of way can arise from proof that the land granted cannot be conveniently occupied without it."

19 C. J. 958:

"The law is jealous of a claim to an easement, and the burden is on the party asserting such a claim to prove it clearly. This he must do by showing a grant conferring an easement in express terms, or by necessary implication from its terms, or where an easement is claimed by prescription, he must prove the facts essential to the acquisition of a prescription title."

In the case before us the plaintiffs did not by any evidence assume or relieve themselves of the burden of showing the two plots of land, the one owned by them and landlocked, the other upon which the way of ingress and egress is located, were at any time owned by any one person; in fact, the reverse appears from the record, and for this reason the evidence introduced in the case, relative to a way of necessity, over the objection of defendants, constituted error, for the condition precedent, prior unity of ownership and a grant, were not established. So then, facts relative to a way of necessity contained in the findings of facts by the court constitute insufficient findings upon which the judgment may be based.

Plaintiffs defend the judgment of the court upon a doctrine of prescription. The court having found that the road has been used by the general public, over practically the same location for 20 years, without objection, etc., this finding of the court it urged in support of the contention.

Under the testimony in this case the allottee, James Lewis Sitsler, who owned the land of the road from date of its allotment until his death in January, 1919, was a minor at the time of his death, and no prescriptive right could be obtained against this land during the period of his disability.

19 C. J. 877:

"Since a prescription presumes a grant, and cannot exist where there is no power to grant, it follows that a prescriptive right cannot be acquired against a person who is under legal disability and unable in law to resist the alleged adverse claim if it is not well founded. * * * This rule has been applied in the case of infants, insane persons, married women and reversioners." Evans v. Scott (Tex. Civ. App.) 83 S. W. 879; Saunders v. Simpson (Tenn.) 37 S. W. 195; Watkins v. Peck (N. H.) 40 Am. Dec. 162.

In the case of Patterson v. Carter, 83 Okla. 70, 200 Pac. 857, this court said:

"It is well settled that there can be no adverse possession against the federal government which can form a basis of title by estoppel, or under the statute of limitation, and it has been held that the same rule applies where the lands involved are lands

that have been allotted to Indians with restrictions upon the alienation of title thereto by the Indians, so long as such restrictions upon alienation exist." Miller v. Fryer, 35 Okla. 145, 128 Pac. 713; McLish v. White, 97 Okla. 150, 223 Pac. 348.

Dolese v. State (Okla. Cr.) 212 Pac. 610:

"To establish a right of way by prescription, there must be a user by the general public under a claim of right, adverse to the occupancy of the owner, of some particular or defined way or track, uninterruptedly, without substantial change, for a period of time necessary to bar an action for the recovery of the land." 9 R. C. L. 771.

The question arises whether or not the statute of limitations of Arkansas in force in the Indian Territory, or the statute of Oklahoma applies. Under the Oklahoma statutes the period of limitation is 15 years, and under section 4471 of Mansfield's Digest of the Statutes of Arkansas the period is seven years. Yet this minor allottee died in 1919, and with such facts in mind it is immaterial so far as this case is concerned, for neither period has elapsed.

The trial court found that such use has been made of said road with the consent and without objection on the part of the defendants and the persons who have owned said lands for the past 20 years, etc.

The evidence shows that one of the owners of the land designated the right of way to be used by plaintiffs and orally consented that the same might be made into more or less a permanent roadway, and said "this will be your road."

The trial court may have concluded that the acts and conduct of Stroud at the time he and Walkinshaw were joint owners in the land in controversy amounted to an executed contract for a perpetual easement over the said lands. We are of the opinion that such acts and conduct only amounted to a license, revocable at will, and we are opposed to the view of the trial court, for two reasons. First: Unless the evidence be clearly to the contrary, a court will presume that a parol agreement to impress real property with a servitude was made with a knowledge of the provisions of the statute of frauds, and was therefore intended as a license only and not at an easement. Howes et al. v. Barmon et al. (Idaho) 81 Pac. 48. Second: Since a tenant in common is unable to convey any title to a specific part of common land as against his cotenant, he cannot grant an easement so as to confer any right which can be enforced against the other owner. R. C. L. 748; 136 A. S. 688; McBride v. Blair (Iowa) 112 N. W. 169.

The Supreme Court of Kansas in the case of Phoenix Ins. Co. v. Haskett, 64 Kan. 93, 67 Pac 446.

"An easement for a private way is an interest in lands, and cannot be created by a parol grant."

It will be borne in mind that no written evidence of an agreement relative to these private ways exists, and that whatever the agreement was, it seems to have had only a fleeting existence and not based upon any settled purpose in the minds of the parties thereto, because neither of them recognized it when subsequent conveyances of the land were made.

"A prescriptive right must be adverse and under claim of right exclusive and uninterrupted, with the knowledge and against the consent of the owner of the estate out of which the easement is claimed."

"A mere permissive use of the lands of another is not adverse and cannot give an easement by prescription no matter how long it may be continued." 19 C. J. 887.

The obtaining of permission stamps the character of the use as not having been adverse or under claim of right, and therefore lacking that essential element which was necessary for it to ripen into a right by prescription.

We have examined the findings of facts of the trial court, as well as the evidence advanced at the trial, and we are of the opinion that the judgment of the trial court is clearly against the weight of the evidence. The cause is therefore reversed, with directions to enter judgment in accordance with the views herein expressed.

NICHOLSON, C. J., and PHELPS, LESTER, and CLARK, JJ., concur.

Note.—See under (1) 31 Cyc. p. 290. (2) 32 C. J. p. 120. (3) 19 C. J. pp. 921, 922, 923; anno. 26 L. R. A. (N. S.) 352; L. R. A. 1915C, 348, 5 A. L. R. 1557; 9 R. C. L. L. p. 768, 2 R. C. L. Supp. p. 872. (4) 19 C. J. p. 877. (5) 19 C. J. pp. 885, 886, 888, 891.