**DIXON et al. v. JOHNSON.**

No. 22681. Opinion Filed May 17, 1932.

Commons & Chandler and Perry Porter, for plaintiffs in error.

Frank Nesbitt, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Ottawa county. The plaintiff, in his petition, prayed for an injunction enjoining the members of the school board and the county superintendent from calling and holding a meeting of the voters of union graded school district No. 1 of Ottawa county. The defendants demurred to the petition. That demurrer was overruled by the trial court and the defendants elected to stand upon their demurrer. The trial court rendered judgment as prayed for. The parties will be referred to as plaintiff and defendants, as they appeared in the trial court.

The plaintiff, in his petition, among other things, alleged that, on May 18, 1931, between the hours of 2 and 4 o'clock p. m., a special meeting was held at which the question of public transportation of pupils to and from school for the fiscal year 1931-32 was presented; that the meeting was legally called and held and the question legally voted upon and decided; that

the question presented failed to carry by a 60 per cent. majority as required by section 10483, C. O. S. 1921; that the defendant school board, not being satisfied with the result of the election, fraudulently, wrongfully, and illegally conspired with the defendant county superintendent of Ottawa county, and, on June 13, 1931, called another meeting of the voters in said school district to be held on June 25, 1931, to vote on the same proposition; that the proposition was again voted upon on said date and again failed to carry by a majority of 60 per cent. as required by law; that the defendants fraudulently, wrongfully, and unlawfully called a third school meeting for July 10, 1931, to vote again on the same question; that the defendants threaten to, and plaintiff verily believes that they will, continue to call elections for said purposes until they manage by some means to secure a vote on said proposition that will be agreeable with them. The plaintiff alleged that he is a resident property taxpaying voter of the school district affected by the unlawful expense occasioned by the calling and holding of such meetings.

Where a petition contains allegations of facts sufficient to entitle plaintiff to relief either in law or equity, it is good as against a general demurrer. Thomas v. Morgan, 113 Okla. 212, 240 P. 735. A demurrer to a pleading admits every material fact properly stated in the pleading. C. E. Sharp Lbr. Co. v. Kansas Ice Co., 42 Okla. 689, 142 P. 1016. Does the petition state a cause of action under those rules?

Section 10483, C. O. S. 1921, authorizes the legal voters of a union graded school district to determine whether or not the school district will provide public transportation for the pupils. The defendants contend that, since the law does not designate the time for holding the election or meeting to vote on the proposition, the election or meeting may be held at any time. We cannot agree with that contention. Such a meeting or election must be held in time to provide funds to defray the cost of public transportation. The procedure prescribed by section 10483, supra, for the voters of a union graded school district to determine whether or not the school district will provide public transportation for the pupils is a part of the procedure for the levying of a tax. By that means it is determined whether or not the appropriation for the school district shall include an amount for the cost of public transportation for pupils. Although the time for the determination of that question is not fixed by the statute, it is apparent that it must be in time to permit regular and orderly compliance with

the provisions of the statute for the making of an appropriation and the levying of a tax. By the provisions of section 10339, C. O. S. 1921, it is made the duty of a school board to meet on the first Tuesday in July and make out the report required by law to be filed with the excise board, showing the fiscal condition of the school district at the close of the previous fiscal year and the statement of the estimated needs thereof for the current or ensuing fiscal year. It is apparent therefrom that any election or meeting for the purpose of determining whether or not a union graded school district shall furnish public transportation for pupils must be held prior to the first Tuesday in July. The election sought to be held in this case was called for July 10th. There is no authority of law for holding an election or meeting of the union graded school district on the 10th day of July for the purpose of determining whether or not the union graded school district shall furnish public transportation for its pupils.

The defendants contend that a school district meeting or election may not be enjoined for the reason that such an injunction interferes with the exercise of political rights by the people. They cite authorities in support of that contention. We do not think that the authorities cited are applicable to the issue presented by the record in this case, for herein is involved the procedure for the making of an appropriation and for the levying of a tax on the taxable property of the school district, and by the provisions of section 420, C. O. S. 1921:

"An injunction may be granted to enjoin the enforcement of a void judgment, the illegal levy of any tax, charge or assessment, or the collection of any illegal tax, charge or assessment, or any proceeding to enforce the same; and any number of persons whose property is affected by a tax or assessment so levied may unite in the petition filed to obtain such injunction. * * *"

No further citation of authorities is necessary. By the plain provision of the statute, an injunction may be granted to enjoin the illegal levying of any tax. The defendants in this case were attempting to levy a tax upon the taxable property of the school district for the public transportation of pupils, which tax, if levied in the manner attempted by the defendants, would be illegal and void. The plaintiff is a taxpayer in the school district and he is entitled to the equitable relief granted him by the trial court.

We do not consider it necessary to determine herein the date upon which the union graded school district election or meet-

ing shall be held, or whether or not the action of a regularly called school district meeting or election precludes the holding of another meeting or election to consider the same subject. We confine the decision to the issue presented by the record, which is the legality of the election called for July 10th.

The trial court committed no error in sustaining the plaintiff's petition as against the general demurrer of the defendants.

The judgment of the trial court is in all things affirmed.

RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (1) annotation in 38 L. R. A. (N. S.) 710; 26 R. C. L. 49.