PEARSON et al. v. HASTY et al.

No. 30034. May 11, 1943.

*137 P. 2d 545.*

Cecil R. Chamberlin and Robert M. Helton, both of Frederick, and Jay W.

Whitney, of Tulsa, for plaintiffs in error.

R. L. Christian, of Frederick, and Embry, Johnson, Crowe & Tolbert, of Oklahoma City, for defendants in error.

GIBSON, V. C. J. This is an action to recover an interest in real estate. Judgment was for defendants, and plaintiffs appeal.

Plaintiffs as pretermitted children claim title to an undivided two-thirds interest in the land as heirs of their father, who died in 1913 after devising all his estate to his widow. The will was admitted to probate and the estate distributed according to the terms thereof in 1915. In 1917 the widow conveyed the land to defendants' ancestor.

At the time of the distribution aforesaid the plaintiffs were infants of the ages of four and three years, respectively. They charge that the probate proceedings were void as to them.

Defendants assert the validity of the proceedings, and plead the 15-year statute of limitations, alleging that their possession has ripened into a title by prescription.

After an examination of the record we have come to the conclusion that the judgment must be affirmed on the ground that plaintiffs' action, if any they had, was barred by the statutes, 12 O. S. 1941 § 93, subd. 4, 12 O. S. 1941 § 94, and that the defendants now hold title by prescription which is good against all. 60 O. S. 1941 § 333.

The action was submitted on an agreed statement of facts wherein it is shown that this suit was commenced 21 years after defendants' ancestor took possession under his deed above mentioned, and some seven or eight years after plaintiffs had reached their majority. It is further shown by the agreed statement that the possession of defendants and their ancestor during all the succeeding years had been sufficient in character and duration to ripen into title by prescription, if, under the law, the statute commenced to run during the minority of the plaintiffs.

The only question for determination is whether the statute commenced to run or was suspended during the minority of the plaintiffs'

Plaintiffs say the statute remained in abeyance during their minority and attached only when they reached majority and thereby freed from legal disability. Thomas v. Morgan, 113 Okla. 212, 240 P. 735, 43 A. L. R. 934; Channell v. Jones, 184 Okla. 644, 89 P. 2d 769.

Defendants take the position that our statutes of limitation make no exception with reference to minors or others under legal disability, except to grant them a two-year period of grace after majority or removal of disability within which to commence action. Defendants insist that since their adverse possession had been continuous for more than 15 years and had continued for more than two years after plaintiffs reached majority, the action was barred and their title by prescription had attached. Wirick v. Nance, 178 Okla. 180, 62 P. 2d 997; Ammann v. Foster, 179 Okla. 44, 64 P. 2d 653.

12 O. S. 1941 § 93, subd. 4, provides that actions of this character can only be brought within 15 years after the cause shall have accrued, and 12 O. S. 1941 § 94, provides that any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed.

By virtue of the provisions of 60 O. S. 1941 § 333, supra, where land is held adversely for the above period without action for its recovery, the title of the occupant becomes superior to the claims of all others. And the statutes make no other or further exception in favor of those parties under legal disability. Said section 333 reads as follows:

"Occupancy for the period prescribed by Civil Procedure, or any law of this state as sufficient to bar an action for the recovery of the property, confers a title thereto, denominated a title by

prescription, which is sufficient against all."

In Wirick v. Nance, supra, it was held that lands could be held adversely to a minor owner out of possession so that his deed executed after majority would be void under the champerty statute as against one in adverse possession.

We agree with plaintiffs that no claim of title by adverse possession was involved in that case. But we do not agree that the decision is not in point here. It was held there that lands may be held adversely to the claims of a minor owner. If they may be so held, it follows that the statute of limitations against actions for their recovery will apply as to the minor, and commence to run at the time the cause of action accrues. Our statutes, above, will permit of no other conclusion. In the Wirick case, by way of analogy, the court said:

"The suspension of the statute of limitations as against an infant where recognized seems not to rest upon a doctrine of common law, but upon express statutory provision, and the elements that constitute the acquisition of title by adverse possession against an infant are generally the same as those applicable in other cases. 31 C. J. 1011, § 49; Vance v. Vance, 108 U. S. 514, 2 S. Ct. 854, 27 L. Ed. 809. Our statute (section 11729, O. S. 1931) recognizing titles acquired by adverse possession saves no class of persons from the operation thereof; and our statute of limitations (section 99, O. S. 1931) fails to exclude infants from its operation. The ouster sets the statute of limitations running in favor of the disseizor, but section 100, O. S. 1931, requires that as against a minor the adverse holding must continue for two years after he reaches majority."

The case is clearly in point on the question whether lands may be held adversely to an ousted infant.

In Thomas v. Morgan, supra, the holding that the statute does not run against a person under legal disability is founded on the theory that title by adverse possession presumes a grant of some kind to the one in possession, and since the one under legal disability cannot make a grant, and is unable under the law to resist the adverse claims, the one in possession cannot hold adversely to him while he is under such disability. The opinion follows the decisions of other courts.

The holding in Channell v. Jones, supra, was to like effect.

Had it not been for our statutes, supra, the above decisions would not now be subject to serious criticism. But the rule there followed is ordinarily applied only in jurisdictions where the statutes barring actions for the recovery of land makes an exception in favor of persons under disability. Thompson, Real Property, p. 489, § 2664. The following statement is from the text:

"Adverse possession presumes a grant and when no power to grant exists it follows that title by adverse possession cannot be acquired against persons under legal disability and unable to resist the alleged adverse claim if it is not well founded. This rule has been applied in the case of infants, insane persons, married women, and reversioners. Thus possession for the statutory period of limitation has been held to yield no title against infants where no one was charged with the duty of bringing action, even though such possession be under color of title. Where the statute barring actions for the recovery of real property makes no exception in favor of persons under disability, the fact that the owner of the land was under disability at the time the adverse possession commenced does not suspend the running of the statute in his favor during the period of disability."

And, title by prescription as conferred by statute need not presume a grant. It is a new and independent title by operation of law and is no wise in privity with any former title. 2 C. J. S. 804, § 200. There, dealing specifically with such titles as acquired under the statutes, the text states as follows:

"A title based on adverse possession is a new and independent title which is not derived from, or in privity with, that of the former owner, nor is it based upon the presumption of a grant from the original owner notwithstanding the cases frequently refer to title by

adverse possession as being 'as effectual as a conveyance from the owner,' 'tantamount to a conveyance,' or 'as full and complete as could be conferred by the owner of the fee.'"

See Johnson v. Whelan, 186 Okla. 511, 98 P. 2d 1103, to the effect that by reason of said section 333, occupancy alone, and not a presumed grant, forms the basis of title by prescription.

The exemption of infants from the operation of statutes of limitations permitting the acquisition of real property by adverse possession, as said in 31 C. J. 1012, "does not rest upon any doctrine of law, but upon express provisions of statute." We have no right to inject such exemptions into our statutes in the face of their clearly expressed intent to include parties under legal disability. There is no mistaking this intent; it is made clear by the granting of the period of grace to such parties.

In 1 Am. Jur. 803, it is said that "an adverse possession which originates during the owner's infancy will ripen into title if action is not brought by him within the statutory period after attaining majority." And in the same section of the text appears the statement, as follows:

"Regardless of what may seem to be the general rule in these situations, the local laws must be consulted in this respect, as in some jurisdictions the question of disabilities as bar to title by adverse possession is of purely statutory determination."

The case of Mason v. Odum, 210 Ill. 471, 71 N. E. 386, furnishes a good example of the manner in which cases of this character are treated where the statutes, like our own, do not except infants from the operation of the limitation, but give to them a definite period after majority in which to commence action. In that case the defendant went into possession while the owner was a minor. The statutory time for obtaining title by prescription expired while the owner was yet under age. The court held that the statute commenced to run immediately upon plaintiff's adverse possession, and that the owner, having a statutory period of three years after majority in which to institute action, was barred after the expiration of such three years.

Our statutes are identical with Kansas. Our views here expressed are in accord with the decisions of the Supreme Court of that state. Koch v. Krueger, 149 Kan. 123, 86 P. 2d 526; Goodman v. Nichols, 44 Kan. 22, 23 P. 957.

We hold that the 15-year statute of limitations commenced to run against the plaintiffs at the time their action for possession first accrued, and, under the agreed statement of facts, their action was barred.

Insofar as the cases of Thomas v. Morgan, supra, and Channell v. Jones, supra, conflict herewith, the same are expressly overruled.

The judgment is affirmed.

CORN, C. J., and OSBORN, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. RILEY, J., dissents. DAVISON, J., absent.

---

OSBORN, J. (concurring specially). I prepared the opinion of the court in the case of Channell v. Jones, 184 Okla. 644, 89 P. 2d 769, and followed therein the prior holding of the court in Thomas v. Morgan, 113 Okla. 212, 240 P. 735, 43 A. L. R. 934. Upon further careful consideration of the question, I am convinced that the statute of limitation may begin to run against a person under disability, with a saving provision in his favor after the removal of such disability, absent any statute, federal or state, which would prevent the operation of said statute.

I therefore concur in the majority opinion herein.