MANN, Judge.
Originally, the land described in appel-lee’s deeds was bounded on the west by Little Sarasota Pass, which was obliterated by avulsion during the hurricane of 1926. For this reason, this court held in Siesta Properties, Inc. v. Hart, Fla.App.1960, 122 So.2d 218, that Siesta Properties, Inc., the *358 intervenor here, was properly denied a decree quieting its title to the Gulf frontage of the property involved because title was in the State. A prior interlocutory appeal in this case affirmed a partial summary judgment dismissing the complaint, declaring title to be in the State, and leaving open for trial several allegations in the appellees’ reply to the Trustees’ cross-complaint whereunder the State might be held es-topped to assert title. Peppe v. Bryant, Fla. App.1966, 190 So.2d 795. Before the ap-pellees bought the property their predecessor in title had defended his possessory right to the Gulf frontage in an action in which an injunction was entered, enforced and upheld by our Supreme Court in Guess v. Azar, Fla. 1952, 57 So.2d 443. The tax assessor of Sarasota County has for many years assessed appellees’ property (described as Government lots) as fronting on the Gulf of Mexico, collecting in consequence substantially greater sums in taxes than would be the case if the property did not front on the Gulf. The State has not offered to do equity to the appellees who would have been overcharged if its title were confirmed.
The trial judge heard much testimony and considered many exhibits and concluded, on evidence we find adequate, that the State is just as conclusively estopped from claiming title against these appellees as it was in Trustees of Internal Improvement Fund v. Bass, Fla.1953, 67 So.2d 433; Trustees of Internal Improvement Fund v. Claughton, Fla.1956, 86 So.2d 775; Daniell v. Sherrill, Fla.1950, 48 So.2d 736, 23 A.L.R.2d 1410, and Trustees of Internal Improvement Fund v. Lobean, Fla.1961, 127 So.2d 98. The State, in cooperation with the officers of its constituent counties, should develop, if it has not already done so, an efficient procedure for keeping track of its property. Our courts have held for many years that the State’s treatment of public property as property of private citizens may result in the loss of it. Of course, it was not until 1960 that this court declared that avulsion precluded attainment of title by the private owners of adjoining property by accretion, but the finding of estoppel here is nevertheless amply supported.
Affirmed.
LILES, C. J., and HOBSON, J., concur.