Kenneth Gene BLACKWELL, Appellant,

v.

The MAYES COUNTY UTILITY SERVICES AUTHORITY, a public trust corporation, Appellee.

No. 49659.

Supreme Court of Oklahoma.

Oct. 18, 1977.

Rehearing Denied Nov. 30, 1977.

Frank R. Hickman and Charles A. Whitebook, Tulsa, for appellant.

Ernest R. Brown, Pryor, for appellee.

DAVISON, Justice:

In this case, we are called upon to review a final order of the District Court of Mayes County, in which the court refused to grant Kenneth Gene Blackwell a right-of-way of necessity across the land of the Mayes County Utility Services Authority, a public trust corporation.

In refusing to grant the right-of-way, the trial court specifically found:

"* * * that each of the parties are the true owners of lands alleged to be in the pleadings [sic] to belong to each of them, that the parcel of land specifically involved herein as belonging to the plaintiff is without means of access except through the air or over water other than through the property of the defendant,

however, that in approximately 1944, *the Grand River Dam Authority condemned parcels of land then owned by the remote grantors of the plaintiff and that the lake impounded pursuant thereto caused the failure of surface access to the premises now owned by the plaintiff* and the Court further finds that the plaintiff is not entitled to a right of way by necessity over, through or across the lands of the defendant * * *." [Emphasis added]

█ We find that the court committed no error in so holding, for there was no evidence introduced to show that at the time of the conveyance by the remote grantor who severed the land into two parcels, there was a need for an easement across defendant's land. Put another way, the record does not indicate that at the time of that conveyance, the land owned by plaintiff became inaccessible. On the contrary, the record indicates that the necessity was subsequently created when Grand Lake was constructed. Plaintiff, in his own petition, alleged that the creation of Grand Lake caused his land to be "landlocked." In his Petition, he alleged:

"Plaintiff states that in the year 1944, the United States of America, by right of eminent domain, by and through the Grand River Dam Authority, took possession of and title to a portion of land owned by the plaintiff's predecessor in title * * *. That by such acquisition, and the subsequent creation of a lake known as Grand Lake of the Cherokees, access to and from said land owned by the plaintiff was severed, ingress and egress existing only over the land now owned by the defendant."

█ An easement by way of necessity is based upon an implied grant or reservation which rests upon a *foundation of necessity*.[1] Accordingly, a way of necessity can only be implied when the necessity giving rise to the implication existed at the time of the conveyance which severed the parcel; in other words, the necessity is to be determined from the condition existing at the time of the conveyance. See *Story v. Hefner*, Okl., 540 P.2d 562 (1975); and *Tangner v. Brannin*, Okl., 381 P.2d 321 (1963). Also see Tiffany on Real Property (Third Edition) Section 794 in which Professor Tiffany states:

"Since, as previously mentioned, the recognition of a way of necessity is based on the intention imputed to the parties at the time of the severance of the ownership, it follows that the existence of the privilege, and also its extent, is to be determined with reference to what is necessary for the use of the premises in the manner contemplated by the parties *at the time of such severance*." [Emphasis added and footnotes omitted]

Also see *Close v. Rensink*, 95 Idaho 72, 501 P.2d 1383 (1972), and *Hoover v. Smith*, 248 Ark. 443, 451 S.W.2d 877 (1970).

Since plaintiff Blackwell failed to establish that at the time of the conveyance which severed the alleged dominant and servient tracts, there existed a necessity which would give rise to an implied easement, we hold that he failed to establish facts necessary to prove his claim to an easement by way of necessity. Accordingly, we affirm the holding of the trial court. As the above issue is dispositive of the case before us, we deem it unnecessary to consider other issues raised on appeal.

AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

WILLIAMS, J., dissenting.

---

1. *Thomas v. Morgan*, 113 Okl. 212, 240 P. 735 (1925); *Haas v. Brannon*, 99 Okl. 94, 225 P. 931 (1924).