**Lori Ward DeWITT and Pauline Taylor, Appellants,**

v.

**Mike CAVENDER; Joe Cavender; Clay Cavender; Traci Cavender; James Cavender and L.O. Cavender, Appellees.**

No. 80358.

Court of Appeals of Oklahoma,
Division No. 1.

June 21, 1994.

Don Ed Payne, Vester Songer, Hugo, for appellants.

Jerry L. McCombs, Idabel, for appellees.

### MEMORANDUM OPINION

CARL B. JONES, Judge:

Following a non-jury trial, Appellants seek review of the trial court's decision refusing to find the existence of an easement allowing Appellants to cross Appellees' property to reach their own property. We believe the trial court erred in this regard.

Two tracts of land are involved herein: tract 1, or the Cavender tract, consists of approximately 1,600 acres; and, tract 2, or the Severn Island tract, consists of approximately 200 acres. Appellants are the owners of the Severn Island tract and Appellees own the Cavender tract. The Severn Island tract is accessible only across the Cavender tract.

From the evidence contained in the record on appeal, the following can be gleaned about the chain of title of the two tracts: prior to 1977, the Cavender tract was owned by Barney Ward, Sr. and possibly by his wife, May Ward. No later than September, 1977, the

tract had come to be owned by Barney Ward, Jr. In September, 1979, Barney Ward, Jr., quit claimed the property to himself and his wife, Pauline Ward, as joint tenants. In February, 1986, the property was conveyed by Sheriff's Deed to Farmers Home Administration (FHA). On November 2, 1987, Pauline Ward, a single person obtained the property from the FHA and conveyed it two days later by joint tenancy warranty deed to Appellees.

The Severn Island tract was obtained by Barney Ward, Sr., in 1942. He died in 1975, and his wife, May, died in 1977. Barney Ward, Jr. was the only heir and inherited the property upon the death of May Ward in 1977. In June, 1981, a warranty deed from Barney Ward, Jr., and his wife, Pauline Ward, conveyed the property to Appellant, Lori Mae Ward.

The evidence disclosed that for the last fifty years or so, the only access to the Severn Island tract was by a road crossing the Cavender tract. Earlier, there had been another road to the Severn Island tract which crossed a bridge over a 50 yard wide creek. That bridge, however, was washed out fifty years ago. Appellants and their predecessors had always used the road across the Cavender tract and continued to do so after Appellees purchased the tract in 1987. In 1990, a dispute arose and Appellees thereafter locked the gate into their property thus preventing Appellants from reaching their property.

Appellees do not contend there was another possible access to the Severn Island tract other than across their land. They do contend there was no clear roadway across their property to reach the Severn Island tract and that it was not known or obvious to them that there was an implied easement.

The trial court found that there was no "unity of title between the two tracts and that such unity was a necessary element for an implied easement to exist." The trial court believed that the necessary unity of title required Pauline Ward, who had conveyed the Cavender tract to Appellees to have owned the Severn Island tract at the same time which she did not. The trial court also found there to be no evidence of appar-

ent and continuous use of the Cavender tract by the owners of the Severn Island tract.

## UNITY OF TITLE

█ The common law easement of necessity was concisely and accurately described in *Franks v. Tyler*, 531 P.2d 1067 (Okl.App.1974), as being "... based upon the implication of a grant of an easement by the owner of the servient estate when necessity of access to the dominant estate required it. Such a theory requires proof of a common grantor at one time of the two properties since the creation of such an easement is based upon the presumed intent of the grantor to convey a way as well as the property." There is no question that for an easement of necessity to exist, there must have been a common grantor of the properties, also referred to as unity of ownership. It has long been the law in Oklahoma that the two tracts must have been owned *at some time in the past* by the same person. *Dudley v. Meggs*, 153 P. 1121 (Okl.1915); *Haas v. Brannon*, 225 P. 931 (Okl.1924); *Thomas v. Morgan*, 240 P. 735 (Okl.1925); *see also Jones v. Weiss*, 570 P.2d 948 (Okl.1977). It is *not* the law that both tracts must have been owned by the same person at the time of the 1987 conveyance of the Cavender tract to Appellees.

█ Appellees state that for unity of ownership to exist, title to the two tracts must be *identical* prior to severance. The record established that from 1977–1979 Barney Ward, Jr. owned both tracts. Severance of this common ownership occurred in September, 1979, when he conveyed the Cavender tract to himself and his wife in joint tenancy. The easement arose at that time because the necessity for it clearly existed then. *Blackwell v. Mayes County Utility Services Authority*, 571 P.2d 435, 436 (Okl.1977).

█ Appellees also contend the Severn Island tract was never owned by Barney Ward, Jr. even when he and his wife conveyed it to Lori Mae Ward in June, 1981. They assert the tract was actually owned by the estates of Barney Ward, Sr. and May Ward. The record, however, in no way shows that to be the case. The only evidence

found establishing how Barney Ward, Jr. came to own the Severn Island tract was testimony that he inherited it as the sole heir of Barney Ward, Sr. and May Ward. The property of one who dies intestate passes to his heirs and the vesting of title in the heirs is immediate. *Davis v. Morgan*, 95 P.2d 856 (Okl.1939); *Seal v. Banes*, 35 P.2d 704, 714 (Okl.1934). Appellees contention that Barney Ward, Jr. was not an owner of the Severn Island tract being unsupported by the evidence cannot overcome the evidence that Barney Ward, Jr. did own the property.

## THE ROAD

■ The trial court found there to be no evidence of apparent and continuous use of the Cavender tract by the Severn Island tract owners. The record, however, reflects otherwise. The clear weight of the evidence was that Appellants and their predecessors in interest had, for decades, used the road across the Cavender tract when they wanted to reach the Severn Island property. The parties appear to confuse the requirements for an implied easement with the requirements for an easement of necessity. The law does not require such permanency, apparency, or continuity for an easement of necessity. *See Keller v. Fitzpatrick*, 228 P.2d 367 (Okl.1951); 25 Am.Jur.2nd, Easements & Licenses, §§ 34–35; 28 C.J.S. Easements, § 35(a).

The case most clearly on point is *Jones v. Weiss*, supra. The court held:

"Under the facts presented here, where the conveyor of land retained a land locked portion, the law implies that a way of necessity was intended, *unless contrary intent is inescapably manifested.* The intent to create the easement is thus deemed to be shown by the type of transaction involved, and no other evidence is necessary to establish the intent of the parties to create a way of necessity. A succinct statement of this principal is found in Powell on Real Property, § 410 which provides in part:

When an owner of land conveys to another an inner portion thereof, which is entirely surrounded by lands owned by the conveyor, or by the conveyor plus strangers, a right of access across the retained land of the conveyor is normally found. Without such a finding the conveyed inner portion would have little use, * * *. Thus, *unless the contrary intent is inescapably manifested,* the conveyee is found to have a right-of-way across the retained land of the conveyor for access to, and egress from, the land-locked parcel. *Similarly, an easement by necessity is found when the owner of lands retains the inner portion conveying to another the balance, across which he must go for exit and access."*

■ In the present case, unity of ownership was proven, a necessity for the easement was not in dispute and no contrary intent to the existence of such easement was ever manifested. Appellants proved the existence of a classic easement of necessity. Such an easement, however, may not be permanent. It will last only as long as the necessity continues. *Story v. Hefner*, 540 P.2d 562, 566 (Okl.1975).

■ In an equity case such as this, the reviewing court will examine the record and weigh the evidence and affirm the trial court unless its decision is found to be against the clear weight of the evidence or contrary to law or established principles of equity. *Arine v. McAmis*, 603 P.2d 1130 (Okl.1979). The trial court's decision below falls short in all three respects and must accordingly be reversed.

REVERSED.

HANSEN and ADAMS, JJ., concur.