DOROTHY NIHOA, Plaintiff-Appellant *v.* CLARENCE GEORGE CHOW and HILARY GATH CHOW, Defendants-Appellees.

NO. 5534

JULY 16, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

This is an action to quiet title at law, pursuant to HRS §§ 669-1 *et seq.* (1975 Supp.). Both plaintiff and defendants assert fee ownership of the disputed parcel, which lies between the beach and plaintiff's undisputed property. Plaintiff alleges adverse possession by herself and/or her predecessors in interest. Defendants claim title based on a deed. The trial court found for the defendants.

This court affirms the judgment of the trial court. There is sufficient evidence in the record to support the conclusions by the trial court (1) that the defendants acquired ownership of the disputed parcel by deed and (2) that the plaintiff or her predecessors did not acquire the parcel by adverse possession.

Although the defendants' deed contains an admitted ambiguity in its description of lands conveyed, the trial court's construction of the ambiguous language so as to include the disputed parcel within the lands conveyed is a fair and reasonable construction. This construction is further sup-

ported by a map attached to the deed and incorporated to it by reference.

Similarly, the trial court's conclusion that plaintiff or her predecessors did not acquire the parcel by adverse possession is a reasonable inference from the evidence produced at trial. Although the evidence arguably might have supported a contrary inference, the factual inference that the trial court did draw was not clearly erroneous. In particular, there was abundant evidence tending to show that defendants continued to regularly use the parcel. Continued use by defendants would of course be inconsistent with the *exclusivity* of possession essential to plaintiff's claim of adverse possession.

Therefore this court affirms the finding that ownership of the parcel is in defendants. However, we find that the trial court's Conclusion of Law No. 7 and the third item in the court's subsequent written Judgment are overbroad to the extent that they would bar the plaintiff from asserting prescriptive easements in the parcel. When the issue of easements was raised by members of this court at oral argument, counsel for both sides represented that the issue had not been raised or tried below, and counsel for defendants impliedly conceded that the plaintiff might have acquired a prescriptive easement for ingress and egress across the disputed parcel.[1] Yet the trial court's Conclusion of Law No. 7 is so broadly worded that it would forever bar the plaintiff from asserting in future legal proceedings any easements acquired prior to judgment in this case. It states:

> "[T]hat the Plaintiff has *no interest whatsoever* in the disputed land . . . .

---

[1] Defendants' counsel stated: "I think there was no real contest about [use of the disputed property for ingress and egress], because I think there were offers made prior to this case coming to trial to permit people to go to and from the beach . . . . [With regard to an] easement or a right of prescription, . . . *that issue was never raised at trial* and as I understand it the parties were not seriously concerned about that, because there was no real question about excluding anyone from going to and from [the beach and plaintiff's property]." (Emphasis added).

However, the record does reveal that plaintiff's post-trial Motion to Amend Findings of Fact and Conclusions of Law alternatively asserted the existence of prescriptive easement in the parcel.

The Court further finds . . . that the Defendants own the disputed land . . . *absolutely*. The Plaintiff and those who claim by or through her are forever barred from claiming *any right, title, or interest* in the disputed premises."[2]

An examination of the record reveals evidence tending to show that plaintiff has in fact acquired prescriptive easements in the disputed parcel. Because counsel for both sides agreed in argument before this court that the issue of easements had not been raised or tried below, the trial court's language effectively barring the plaintiff's future assertion of easements is unjustifiably broad. In our opinion, the overbroad language constitutes plain error. This court is empowered to notice plain errors sua sponte. *Greene v. Texeira,* 54 Haw. 231, 234, 505 P.2d 1169, 1172 (1973); Sup. Ct. Rule 3(b)(3). Therefore this case is remanded to the circuit court for the limited purpose of amending its Conclusion of Law No. 7 and the third item of its Judgment filed April 16, 1973, so as to leave unresolved the issue of whether or not plaintiff has acquired any prescriptive easements in the parcel.

*Guy T. Moen and Daniel T. Solter (Langa & Koehne* of counsel) for plaintiff-appellant.

*Bernaldo D. Bicoy (Bicoy & Yamane* of counsel) and *Simeon R. Acoba* for defendants-appellees.

---

[2] Findings of Fact and Conclusions of Law at 8 (April 2, 1973) (emphasis added). Although counsel for plaintiff contended at oral argument that a prescriptive easement is "not an interest in land as such", no authority was cited for this proposition, and it is unlikely that any such authority could be found. All the cases and textbooks consulted by this court classify easements as interests in land, albeit incorporeal, nonpossessory interests. *See, e.g.,* Peaslee v. Dietrich, 365 Mich. 338, 112 N.W.2d 562 (1961); Henry Bickel Co. v. Texas Gas Transmission Corp., 336 S.W.2d 345 (Ky. 1960); 25 Am. Jur. 2d, Easements § 2; 28 C.J.S., Easements, § 1 b, *Restatement of Property,* § 450. *See also* Territory v. Arneson, 44 Haw. 343, 347-49, 354 P.2d 981, 984-85 (1960), finding that a right of access to a public road is "property" and "land".