**\*\*\* NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCAP-16-0000508
21-MAY-2018
07:59 AM**

SCAP-16-0000508

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

THE MALULANI GROUP, LIMITED fka MAGOON BROTHERS, LTD.,
a Hawaiʻi corporation, Plaintiff-Appellee,

vs.

KAUPO RANCH, LTD., a Hawaiʻi corporation,
Defendant-Appellant,

and

HEIRS AND/OR DEVISEES OF HAMOLE AKA MARIE HAMOLE ET AL.,
Defendants-Appellees.

_____

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CAAP-16-0000508; CIV. NO. 08-1-0501(3))

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., McKenna, Pollack, and Wilson, JJ., and
Circuit Judge Crandall, in place of Nakayama, J., recused)

On interlocutory appeal, Defendant-Appellee Kaupo
Ranch, Ltd. (Kaupo Ranch or the Ranch) challenges the Circuit
Court of the Second Circuit's June 8, 2016 "Order Granting
Plaintiff's Motion for Partial Summary Judgment Filed April 28,
2016." The circuit court granted partial summary judgment to
Plaintiff-Appellee The Malulani Group (Malulani Group or the

1

Group) on remand from a decision by the Intermediate Court of Appeals (ICA) in Malulani Group's favor on two issues relating to the existence of an implied easement from a landlocked parcel on Maui to the nearest road.  See Malulani Grp., Ltd. v. Kaupo Ranch, Ltd., 133 Hawaiʻi 425, 329 P.3d 330 (App. 2014).  The parcel[1] is owned by the Malulani Group.  The easement would run across property owned by the Ranch.  We accepted transfer of Kaupo Ranch's interlocutory appeal of the grant of partial summary judgment to Malulani.  We affirm the circuit court's grant of partial summary judgment on remand.  Id. at 436, 329 P.3d at 341

The ICA's decision involved two issues.  First, Kaupo Ranch had argued that only private ownership of the parcels prior to severance can satisfy the first element of an implied easement, not government ownership.  In a case of first impression in Hawaiʻi, the ICA held that the "unity of ownership" element for an implied easement (also described as the common

---

[1] Whether the Malulani parcel is landlocked as a matter of fact is not before us.  In other words, whether the Malulani parcel was landlocked at the time of severance, and remains so now, goes only to the fourth element for an easement implied by necessity, as well as the fourth element for an easement implied by prior use, not the first element at issue here.  See Jon W. Bruce & James W. Ely, Jr., The Law of Easements and Licenses in Land § 4.6 (2018)(describing the four elements for an easement by necessity); id. at §§ 4.11-12(noting that the fourth element for an easement by necessity requires necessity at the time of severance and continuing necessity); id. at § 4.16 (stating that the fourth element of an easement by prior use requires the necessity at severance for the preexisting use to continue).  The common grantor or "unity of ownership" requirement is the first element of both forms of implied easement.  Id. at §§ 4.6, 4.16.

grantor requirement) may be satisfied by the Kingdom of Hawaii's ownership of the two parcels prior to severance.[2]  Id. at 430-33, 329 P.3d at 335-38.  Second, the ICA held that the statute of limitations in Hawaiʻi Revised Statutes (HRS) § 657-31[3] does not apply to implied easements, as Kaupo Ranch had urged, but only to easements by prescription, a form of easement not here at issue.  Id. at 434-36, 329 P.3d at 339-41.

On remand, the Malulani Group moved for summary judgment on the issues of law decided in its favor by the ICA, namely, the unity of ownership and statute of limitations issues.  Malulani Group argued to the circuit court that the ICA's decision in its favor was the law of the case and that, in any event, the ICA opinion was properly decided.  Kaupo Ranch argued that the ICA's conclusion that the "unity of ownership" element for an implied easement may be satisfied by government ownership contradicted our precedents regarding the interpretation of royal patent grants, specifically, the use of parol evidence in construing them.  In addition, Kaupo Ranch argued that there is a common law limitation period for bringing

---

[2]     On the unity of ownership (or common grantor) element for implied easements, see Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawaiʻi 97, 105, 58 P.3d 608, 616 (2002)("All implications of easements necessarily involve an original unity of ownership of the parcels which later become the dominant and servient parcels." (citation omitted)).

[3]     HRS § 657-31 ("No person shall commence an action to recover possession of any lands, or make any entry thereon, unless within twenty years after the right to bring the action first accrued.")

an action for interference with an easement, and that Malulani Group's claim for an easement accrued more than twenty years before the complaint was filed.  The circuit court rejected the Ranch's arguments and granted Malulani Group's motion for summary judgment on the "unity of ownership" and statute of limitations issues.

We affirm the circuit court's grant of summary judgment on each issue.  The ICA correctly decided that initial ownership of both parcels by the Kingdom of Hawaiʻi satisfies the "unity of ownership" or common grantor element for implied easements.[4]  Malulani, 133 Hawaiʻi at 429-34, 329 P.3d at 334-39. In addition, the ICA correctly held that no statute of limitations applies to implied easements and that HRS § 657-31 governs easements by prescription, which involve the easement equivalent of adverse possession.  Id. at 434-36, 329 P.3d at 339-41.

The circuit court on remand from the ICA decision properly granted summary judgment to Malulani Group on each of the two issues in accord with the ICA's decision.  We affirm the circuit court's June 8, 2016 "Order Granting Plaintiff's Motion for Partial Summary Judgment Filed April 28, 2016."  We remand

---

[4]    Malulani Group claims two forms of implied easement, an easement implied by necessity and an easement implied by prior use.

to the circuit court for proceedings consistent with this summary disposition order.

IT IS HEREBY ORDERED that the circuit court's June 8, 2016 "Order Granting Plaintiff's Motion for Partial Summary Judgment Filed April 28, 2016" is affirmed.

DATED: Honolulu, Hawai'i, May 21, 2018.

Joachim P. Cox        /s/ Mark E. Recktenwald
Robert K. Fricke
Kamala S. Haake       /s/ Sabrina S. McKenna
Cox Fricke LLP
for Plaintiff-Appellee    /s/ Richard W. Pollack

Brian R. Jenkins       /s/ Michael D. Wilson
Jenkins & Jenkins
for Defendant-Appellant    /s/ Virginia L. Crandall

