**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000022**
**19-DEC-2024**
**08:53 AM**
**Dkt. 59 SO**

NO. CAAP-21-0000022


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ALIʻI TURF CO. LLC., Plaintiff-Appellant, v.
ASSOCIATION OF UNIT OWNERS OF POAMOHO CAMP;
BOARD OF WATER SUPPLY, CITY AND COUNTY OF HONOLULU,
Defendants-Appellees, and
DOE DEFENDANTS 1-100, Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0000104)


SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Plaintiff-Appellant **Aliʻi Turf** Co. appeals from the
Circuit Court of the First Circuit's[1] September 4, 2020 "Findings
of Fact, Conclusions of Law and Order Regarding Motion to
Dismiss/Motion for Summary Judgment" (**Order Granting Summary
Judgment**) and December 29, 2020 Final Judgment.

---

[1]  The Honorable Dean E. Ochiai presided.

On January 22, 2020, Aliʻi Turf sued Defendants-Appellees Association of Unit Owners (**AOUO**) of **Poamoho Camp** and the City and County of Honolulu **Board of Water Supply** after Aliʻi Turf requested that Poamoho Camp either remove a water pipeline from Aliʻi Turf's property or compensate Aliʻi Turf for using the pipeline, and Poamoho Camp refused. The water pipeline bisects Aliʻi Turf's property and connects to a Board of Water Supply pipeline system where it conveys water to Poamoho Camp's property.

Aliʻi Turf asserted claims for declaratory relief/ejectment, property damage, private nuisance, trespass, and conversion. This appeal concerns only the claim for declaratory relief/ejectment.

The circuit court concluded an implied easement exists on the Aliʻi Turf property in favor of Poamoho Camp's property "for the purpose of . . . maintaining . . . the Water Pipeline and related facilities as necessary or appropriate for the provision of water to the Poamoho Camp Condominium Project Property[.]" The circuit court thus granted summary judgment and entered final judgment in favor of Poamoho Camp and against Aliʻi Turf.[2]

---

[2] The claims against Defendant-Appellee Board of Water Supply have not been adjudicated. The circuit court determined that because no party other

(continued . . .)

2

On appeal, Aliʻi Turf raises four points of error challenging the circuit court's grant of summary judgment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

**(1)** In its first and third points of error, Aliʻi Turf contends the circuit court erred by (a) granting Poamoho Camp's motion for summary judgment based on the defense that an implied easement exists and (b) denying its motion for partial summary judgment.

To imply an easement, the dominant and servient properties must share "a *prior 'unity of ownership*[,]'" and the parties must have intended to create an easement in favor of the dominant parcel at the time the properties were severed. Malulani Grp., Ltd. v. Kaupo Ranch, Ltd., 133 Hawaiʻi 425, 428-29, 329 P.3d 330, 333-34 (App. 2014).

Parties may have intended "for a previously existing quasi-easement to ripen into an implied easement" if the quasi-easement was: "(1) apparent; (2) permanent; and (3) either

_____

(. . . continued)

than Aliʻi Turf asserted claims against Poamoho Camp, there was no just reason for delay. The circuit court entered final judgment in favor of Poamoho Camp and against Aliʻi Turf pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b) (eff. 2000).

3

(a) 'important for the enjoyment of the conveyed quasi-dominant parcel,' or (b) 'strictly necessary' for the enjoyment of the dominant parcel[.]"  Id. at 429, 329 P.3d at 334 (quoting Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 106 n.8, 58 P.3d 608, 617 n.8 (2002)).  We look at "all the facts and circumstances under which the conveyance was made[.]"  Id. (citation and internal quotation marks omitted).

　　　　"Determination of the intention of the parties is a question of fact."  Wailea Resort Co., 100 Hawaiʻi at 106, 58 P.3d at 617.  If the movant for summary judgment introduces evidence that an implied easement was intended, and the opposing party fails to contradict the evidence, the trial court may determine an easement exists on motion.  See id. at 107, 58 P.3d at 618.

　　　　Here, neither party disputes that the Poamoho Camp and Aliʻi Turf properties were previously owned by the trust created under the Will and Estate of George Galbraith (the **Trust**).  We thus look at whether there was evidence to show the parties' intent at the time the land under Poamoho Camp was severed from the Trust's property.

　　　　In 1983, the Trust owned land in Wahiawā, Oʻahu, and leased some of its land to **Del Monte** Corp. to grow pineapple. Poamoho Camp is a plantation community comprised of about sixty-three families of Del Monte employees and retirees who worked in

4

the pineapple fields.  Del Monte owned the pipeline that delivered water to Poamoho Camp and to Opportunities and Resources, Inc. (**ORI**, formerly Opportunities for the Retarded, Inc.), located on a separate parcel of land.

The Trust agreed in 1983 that when Del Monte's lease ended, ORI could continue to draw water through the Del Monte pipeline if the Trust obtained ownership of the pipeline.  If the Trust did not own the pipeline upon Del Monte's lease expiration, the Trust agreed to grant ORI a non-exclusive easement to use the pipeline until the termination of the Trust.

At some point before 2004, Del Monte's lease ended, and the Trust leased the land to **Del Monte Fresh** Produce (Hawaii), Inc.  In May 2004, Del Monte Fresh sold the pipeline — subject to ORI's easement — to **HIDC** Poamoho Camp, Inc.  Del Monte Fresh notified the Trust it would terminate its leasehold interest effective June 30, 2004.

Upon the termination of its lease, Del Monte Fresh would have to return the land to the Trust "in its original unimproved state, thus requiring demolition of the Poamoho Camp and the eviction of the residents[.]"

HIDC wished to help the families living in Poamoho Camp stay there by "acquir[ing] the fee simple interest in the Land" under Poamoho Camp.  On June 1, 2004, Del Monte Fresh quitclaimed the houses in Poamoho Camp to HIDC, and the Trust

5

leased the land under Poamoho Camp to HIDC, which deferred the requirement to demolish the houses in Poamoho Camp. In October 2004, the Trust agreed to sell the land under Poamoho Camp to HIDC and transferred ownership with all easements in August 2005.

At that point, Poamoho Camp was the quasi-dominant property and the Trust's land traversed by the pipeline was the quasi-servient property.

The parties knew the pipeline was there and that the pipeline provided water to the houses in Poamoho Camp, which was important and strictly necessary for Poamoho Camp's residents to enjoy use of the land. Thus, Poamoho Camp met the three factors - (1) apparent; (2) permanent; and (3) important or strictly necessary for the enjoyment of the parcel - to show an implied easement was intended.

Although Ali'i Turf argues that there was no implied easement and the Trust "manifested an express intent to negate any implied easements," the actions of the parties at the time the land under Poamoho camp was severed from the Trust's property show otherwise. The Trust gave an express non-exclusive easement for the pipeline to ORI while the Trust existed, Del Monte Fresh quitclaimed the houses to HIDC, the Trust leased the land under Poamoho Camp to HIDC so as to defer the demolition requirement, and the Trust then transferred

ownership of the land under Poamoho Camp to HIDC.  During this time, the Trust allowed Poamoho Camp to use the water from the pipeline.

Aliʻi Turf offered no evidence - such as demand letters from the Trust requiring removal of the pipeline during those years before the Aliʻi Turf conveyance - to controvert the intent for an implied easement in favor of Poamoho Camp at the time the land under Poamoho Camp was severed from the Trust's property.

Moreover, the April 2009 Limited Warranty Deed conveying title to Aliʻi Turf from the Trust excepts from the warranty of title "such rights as others may have to use the Water Pipeline," defined as "*the water pipeline (as the same may be subsequently repaired or replaced)* . . . which, among other things, carries water to . . . Poamoho Camp[.]"  (Emphasis added).  In other words, Aliʻi Turf's Limited Warranty Deed recognized that Poamoho Camp had an implied easement for the pipeline and the right to use, repair, and replace the part of the pipeline traversing Aliʻi Turf's property.

Thus, even when viewing the evidence in the light most favorable to Aliʻi Turf, the circuit court did not err in granting Poamoho Camp's motion for summary judgment and denying Aliʻi Turf's motion for partial summary judgment.

**(2)**   Next, Aliʻi Turf contends "[t]he circuit court erred when it granted [Poamoho Camp's] Motion by applying a 'preponderance of the evidence' standard of review."

The September 4, 2020 Order Granting Summary Judgment inappropriately states that "[t]he Court makes the following findings of fact based on a preponderance of the evidence."  But "where the decision below is correct it must be affirmed by the appellate court even though the lower tribunal gave the wrong reason for its action."  State v. Taniguchi, 72 Haw. 235, 239, 815 P.2d 24, 26 (1991).  As discussed above, the evidence presented showed the Trust intended an implied easement for the pipeline when the land under Poamoho Camp was severed from the Trust's property in 2005 and excepted that implied easement when the property transfer to Aliʻi Turf was executed in 2009.  Aliʻi Turf introduced no evidence to controvert the Trust's intent. The circuit court's application of the wrong standard was harmless error.

**(3)**   Finally, Aliʻi Turf contends "[t]he circuit court erred in converting [Poamoho Camp's] Motion to Dismiss into a Motion for Summary Judgment without allowing the parties reasonable time and opportunity for discovery."  In particular, Aliʻi Turf argues that the circuit court gave it "just over one month" in which to conduct discovery, but "did not allow [Aliʻi Turf] to propound discovery on the AOUO and seemed to limit

discovery requests to be directed only to Bank of Hawaiʻi, trustee for" the Trust.

Poamoho Camp's motion to dismiss was supported by matters outside the pleadings, which the circuit court considered. Thus, the court did not err by converting the motion to dismiss into one for summary judgment. See Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b) (eff. 2000).

Moreover, Aliʻi Turf does not cite to any HRCP Rule 56(f) (eff. 2000) affidavit in the record. An HRCP Rule 56(f) affidavit must "demonstrate how postponement of a ruling on the motion [for summary judgment] would enable [the non-moving party], by discovery or other means, to rebut [the movant's] showing of absence of a genuine issue of fact." Acoba v. Gen. Tire, Inc., 92 Hawaiʻi 1, 12, 986 P.2d 288, 299 (1999) (citation and internal quotation marks omitted).

Finally, Aliʻi Turf fails to explain how deposing someone from the AOUO (condominium association) would have been relevant as it does not identify evidence showing the AOUO existed at the time the land under Poamoho Camp was severed from the Trust's property. And the circuit court gave Aliʻi Turf over a month to depose someone from the Trust, to which the counsel for Aliʻi Turf responded, "I think that's fair, Your Honor."

9

Based on these circumstances, we cannot say the circuit court abused its discretion.

Based on the foregoing, we affirm the circuit court's September 4, 2020 Order Granting Summary Judgment and December 29, 2020 Final Judgment.

DATED:  Honolulu, Hawaiʻi, December 19, 2024.

On the briefs:                           /s/ Keith K. Hiraoka
                                         Presiding Judge
Adam G. Lang,
Shauna L. Silva Bell,                    /s/ Karen T. Nakasone
(Durrett Lang Morse),                    Associate Judge
for Plaintiff-Appellant.
                                         /s/ Sonja M.P. McCullen
Andrew J. Lautenbach,                    Associate Judge
Kukui Claydon,
(Starn O'Toole Marcus &
Fisher),
for Defendant-Appellee.